UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| : | CRIMINAL NO. 07-166 (PDF) |
| : | |
| v. : | |
| : | |
| REMON GIBSON, : | |
| : | |
| Defendant. : | |
| _____ : | |

**UNITED STATES' MEMORANDUM IN AID OF PLEA HEARING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Memorandum in Aid of Plea Hearing, currently scheduled in the above-captioned case for July 25, 2007 at 9:30 a.m.

**I.   ELEMENTS OF THE OFFENSE:**

The essential elements of the offense of Unlawful Possession with Intent to Distribute 5 Kilograms or More of a Controlled Substance, to wit, Cocaine, in violation of 21 U.S.C. Section 841(a)(1) and 841(b)(1)(A)(ii) are:

   A.   That the defendant possessed a controlled substance; and,

   B.   That the defendant did so knowingly and intentionally.  This means consciously, voluntarily, and on purpose, not mistakenly, accidentally or inadvertently; and,

   C.   That when the defendant possessed the controlled substance, he had the specific intent to distribute it.  "Distribute" means to transfer or attempt to transfer to another person; and,

   D.   That the substance was 5 kilograms or more of a mixture or substance containing a

detectible amount of cocaine.

In order to establish the first element of this offense, the government must prove beyond a reasonable doubt that the defendant possessed some measurable amount of a controlled substance. A measurable amount is an amount that can be assigned a numerical value, although no particular value must be given.  See District of Columbia Criminal Jury Instruction 4.29 (1993) ("Red Book").

## II.   COPY OF THE PLEA AGREEMENT:

A copy of the defendant's plea agreement, not yet executed by the defendant or defendant's counsel, is attached.

## III.   PENALTIES:

The statutory penalties for Unlawful Possession with Intent to Distribute 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. Section 841(a)(1) and 841(b)(1)(A)(ii), are a term of imprisonment of not less than ten years and not more than life, a term of supervised release of at least five years, and a fine not to exceed $4,000,000.00.

## IV.   STATEMENT OF THE OFFENSE IN SUPPORT OF THE GUILTY PLEA:

If this case were to go to trial, the Government's evidence would establish the following beyond a reasonable doubt:

On May 6, 2007, the defendant and a female companion were traveling to New York City from Arizona on an Amtrak train. When their train arrived in Washington, D.C., at approximately 11:00 a.m., members of the Metropolitan Police Department's Interdiction Unit boarded the train and knocked on their sleeper car room. The defendant and his companion were the only passengers in the room. The defendant gave his consent for the police officers to search their room. On top of one of the bunk beds in the room, the officers found a red and black duffel bag with a luggage tag

bearing the defendant's name and address. Inside the bag the officers located – hidden among various articles of men's clothing – ten bricks of a hard white substance that field-tested positive for cocaine, each packaged in several layers of duct tape.

The DEA conducted a forensic analysis of the substance contained in the bricks and confirmed the presence of cocaine hydrochloride, with a total net weight of 5,031 grams and a concentration of 61.9%.

The defendant knowingly and intentionally possessed the cocaine with the specific intent to distribute it.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

/s/

By: TIMOTHY J. KELLY
Assistant United States Attorney
Bar No. 462459
Federal Major Crimes Section
555 4th Street, N.W.
Washington, D.C. 20530
(202) 353-8822

**DEFENDANT'S ACCEPTANCE**

I have read this Memorandum, including the "Statement of the Offense" section, and the attached plea agreement and have discussed it with my attorney James W. Rudasill, Jr., Esq. I fully understand this submission and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this submission and the attached plea agreement. I am satisfied with the legal services provided by my attorney in connection with this submission and plea agreement and matters related to it.

Date:__________________ ______________________________

Remon L. Gibson
Defendant

**ATTORNEY'S ACKNOWLEDGMENT**

I have read each of the pages constituting this submission and the attached plea agreement, reviewed them with my client, and discussed the provisions of the submission and agreement with my client, fully. These pages accurately and completely sets forth the entire submission and plea agreement. I concur in my client's desire to plead guilty as set forth in this submission and agreement.

Date: ______________________ ______________________________

James W. Rudasill, Jr., Esq.
Attorney for Defendant Remon Gibson

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I will cause a copy of the foregoing to be served upon the attorney for the defendant, James W. Rudasill, Jr., Esq., this 24th day of July, 2007.

______________________________

Timothy J. Kelly
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

July 23, 2007

bearing the defendant's name ... located – hidden among various articles ...

attached plea agreement and have discussed it with my attorney James W. Rudasill, Jr., Esq. I fully ... free will, intending to be legally bound. No threats have been made to me nor am I under the ... guilty because I am in fact guilty.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been ... to plead guilty except those set forth in this submission and the attached plea agreement. I am satisfied with the legal services provided by my attorney ...

distribute it ... attached.

Date: ______________

**VIA E-MAIL AND U.S. MAIL**

James Rudasill, Esq.
The Rudasill Law Firm
717 D Street, NW
Suite 310
Washington, DC 20004

Re: United States v. Remon Gibson, 07-CR-166 (PLF)

Dear Counsel:

**UNITED STATES' MEMORANDUM IN AID OF PLEA HEARING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Memorandum in Aid of Plea Hearing, currently scheduled in the above-captioned case for July 25, 2007 at 9:30 a.m.

**III. PENALTIES:**

The statutory penalties for Unlawful Possession With Intent to Distribute 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. Section 841(a)(1) and 841(b)(1)(A)(ii), are a term of imprisonment ...

**ELEMENTS OF THE OFFENSE**

**ATTORNEY'S ACKNOWLEDGMENT**

**IV. STATEMENT OF THE OFFENSE IN SUPPORT OF THE GUILTY PLEA:**

This letter sets forth the full and complete plea offer to your client, Remon L. Gibson, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire on the next status date, July 25, 2007. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

A. That the defendant possessed a controlled substance; and,

B. That the defendant did so knowingly and intentionally. This means consciously, voluntarily, and on purpose, not mistakenly, accidentally or inadvertently; and,

1. Your client agrees to plead guilty to Count One of the Indictment, that is Unlawful Possession With Intent to Distribute Distribution of 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(A)(ii). Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charge stated above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, your client is accountable for more than 5 kilograms but less than 15 kilograms of cocaine, which quantity represents the total amount involved in your client's relevant criminal conduct.

On May 6, 2007, the defendant and a female companion were traveling to New York City from Arizona on an Amtrak train ... Washington, D.C., at approximately 11:00 a.m. ... and knocked on their sleeper car room. The defendant and his companion were the only passengers in the room. The defendant gave his consent for the police officers to search their room. On top of one of the bunk beds in the room, the officers ... with a luggage tag

intent to distribute it. "Distribute" means to transfer or attempt to transfer to another person; and,

2. Your client understands that pursuant to 21 U.S.C. 841(a)(1) and 841(b)(1)(A)(ii), the above charge carries a maximum sentence of imprisonment of not less than ten years and not more than life, a fine not to exceed $4,000,000.00, a $100 special assessment, and at least a five year

D. That the substance was 5 kilograms or more of a mixture or substance containing a

**CERTIFICATE OF SERVICE**

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

Remon Gibson
Defendant

James W. Rudasill, Jr., Esq.
Attorney for Defendant Remon Gibson

Timothy J. Kelly
Assistant United States Attorney

Assistant United States Attorney



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

July 23, 2007

**VIA E-MAIL AND
U.S. MAIL**
James Rudasill, Esq.
The Rudasill Law Firm
717 D Street, NW
Suite 310
Washington, DC 20004

                Re:  <u>United States v. Remon Gibson</u>, 07-CR-166 (PLF)

Dear Counsel:

      This letter sets forth the full and complete plea offer to your client, Remon L. Gibson , from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office").  This plea offer will expire on the next status date, July 25, 2007.  If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below.  Upon receipt of the executed document, this letter will become the Plea Agreement.  The terms of the offer are as follows:

      1.     Your client agrees to plead guilty to Count One of the Indictment, that is Unlawful Possession With Intent to Distribute Distribution of <u>5 Kilograms</u> or More of Cocaine, in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(A)(ii).  Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charge stated above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, your client is accountable for more than 5 kilograms but less than 15 kilograms of cocaine, which quantity represents the total amount involved in your client's relevant criminal conduct.

      2.     Your client understands that pursuant to 21 U.S.C. 841(a)(1) and 841(b)(1)(A)(ii), the above charge carries a maximum sentence of imprisonment of not less than ten years and not more than life, a fine not to exceed $4,000,000.00, a $100 special assessment, and at least a five year

term of supervised release, and an obligation to pay any applicable interest or penalties on fines not timely made. Further, your client understands that if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher guideline penalties provided for in the career offender statutes and provisions of the Sentencing Guidelines.

3. In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense.

4. Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

5. Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual 2006 (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

6. From the information in the Government's possession at this time, it appears that your client may qualify for a 2-level reduction pursuant to U.S.S.G. § 2D1.1(b)(9) because he qualifies for the § 5C1.2 "safety valve." Furthermore, assuming your client clearly demonstrates acceptance of responsibility to the satisfaction of the Government through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a additional 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a). Finally, assuming your client has accepted responsibility as described in the previous sentence and that your client's base offense level is 16 or greater, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to § 3E1.1(b), U.S.S.G., because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

7. The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the applicable Guidelines Range is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein, nor will either party suggest that the Court consider such a departure or adjustment.

8. The Government agrees to limit its allocution to the low end of the applicable Guideline Range for your client. The parties further agree that a sentence within the applicable Guidelines Range established by the Sentencing Guidelines, if determined in accordance with the parties' stipulations in this Agreement, would constitute a reasonable sentence in light of all of the

factors set forth in Title 18, United States Code, Section 3553(a).  In addition, neither party will seek a sentence outside of the applicable Guideline Range or suggest that the Court consider a sentence outside that Guidelines Range.

9. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G., Section 3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G., Section 3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (I) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

10. In addition, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues.  Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons.  In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C., Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

11. It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B)  the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues.  In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

12. It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court.  Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range.  The Government cannot, and does not, make any promise or representation as to what sentence your client will receive.  Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

13. Your client agrees to waive your client's interest in and not to contest the administrative forfeiture of $1,159.25 in U.S. currency seized during his arrest on May 6, 2007, which represents proceeds obtained, directly, or indirectly, as the result of illegal drug trafficking and/or property used or intended to be used to commit or to facilitate illegal drug trafficking.  Your client acknowledges and agrees that the Government reserves its right to bring a civil action(s), if

necessary, in any jurisdiction for the forfeiture of any of your client's assets, real or personal, that are subject to forfeiture pursuant to any federal statute.

14. Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

15. Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; © your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

16. Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

17. Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

18. Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

19. It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including

any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

20. By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

21. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

22. Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

23. If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

____________________________

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: ____________________________

TIMOTHY J. KELLY
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, James Rudasill, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date:___________________ ________________________________

Remon L. Gibson
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, Remon L. Gibson, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: _______________________ ________________________________

James Rudasill, Esquire
Attorney for the Defendant