UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL NO. 07-166 (PDF) |
| : | |
| : | Sentencing Date: October 26, 2007 |
| : | |
| v. : | |
| : | |
| REMON GIBSON, : | |
| : | |
| Defendant. : | |
| _____ : | |

**UNITED STATES' MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Memorandum in Aid of Sentencing, recommending that the defendant be sentenced to 70 months of imprisonment, followed by five years of supervised release. In support thereof, the United States respectfully states the following:

**I.      BACKGROUND**

1.      On May 6, 2007, the defendant and a female companion were traveling to New York City from Arizona on an Amtrak train. At approximately 11:00 a.m., their train arrived in Washington, D.C., and members of the Metropolitan Police Department's Interdiction Unit, including Detective Lorenzo James, boarded and knocked on their sleeper car room.

2.      The day beforehand, Detective James had been contacted by members of the Amtrak Police Department regarding the defendant and his companion. The two had aroused the suspicion of that law enforcement agency by, among other things, using a credit card not in either of their names to purchase their tickets; informing officers upon questioning that they had just

recently flown from New York to Arizona, but were now returning by train; and, upon further questioning, asserting that they had checked luggage when the train had no record of such.

3. The defendant and his companion were the only passengers in the sleeper car room. The defendant gave his consent for the police officers to search the room. On top of one of the bunk beds in the room, the officers found a red and black duffel bag with a luggage tag bearing the defendant's name and address. Inside the bag the officers located – hidden among various articles of men's clothing – ten bricks of a hard white substance that field-tested positive for cocaine, each packaged in several layers of duct tape.

4. In a search incident to arrest, the officers also found $1,159.25 in United States currency in the defendant's right front pants pocket.

5. The DEA conducted a forensic analysis of the substance contained in the bricks and confirmed the presence of cocaine hydrochloride, with a total net weight of 5,031 grams and a concentration of 61.9%.

6. On June 26, 2007, the defendant was charged in a single-count indictment with Unlawful Possession with Intent to Distribute Five Kilograms or More of Cocaine, in violation of 21 U.S.C. §841(a)(1) and §841(b)(1)(A)(ii).

7. To his credit, the defendant accepted responsibility for his conduct at an early stage in these proceedings. On July 25, 2007, the defendant pled guilty to the indictment pursuant to the United States' plea offer. Under the written plea agreement, the defendant agreed to accept responsibility for possessing with the intent to distribute 5,031 grams of cocaine and agreed to forfeit the $1,159.25 in U.S. currency seized during his arrest as the proceeds of drug trafficking activity. The defendant acknowledged the applicable statutory penalties associated

with this charge, including the applicability of a statutorily required minimum of 10 years imprisonment. The United States agreed not to further prosecute the defendant for conduct in the Statement of Offense, and acknowledged that the defendant may be eligible for the safety valve exception to the mandatory minimum term of imprisonment associated with this conviction. The United States also agreed to recommend a three-level downward adjustment for acceptance of responsibility, as set forth in § 3E1.1(a) and (b) of the the United States Sentencing Commission, <u>Guidelines Manual</u> (hereinafter "Sentencing Guidelines" or "U.S.S.G"). The parties agreed that under the Sentencing Guidelines neither a downward nor an upward departure from the applicable Guidelines range is warranted. Accordingly, the parties agreed that neither party would seek any such departure or adjustment not set forth in the agreement, nor seek a sentence outside the applicable Guidelines range. Finally, the United States agreed to limit its allocution to the low end of the applicable Guideline range.

## II.    STATUTORY PENALTIES

8.    Pursuant to Title 21 United States Code, Section 841(a)(1) and (b)(1)(A)(ii), the charge contained in the indictment carries a penalty of a term of imprisonment which may not be less than ten (10) years and not more than life, a fine not to exceed $4,000,000, and a term of supervised release of at least five (5) years. In addition, the defendant must pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia.

## III.   SENTENCING GUIDELINES

9.    Under the Sentencing Guidelines, based on the information set forth in the Presentence Investigation Report ("PSR"), the defendant's base offense level is 32. U.S.S.G.

§2D1.1(a)(3)and (c)(4). Also, based on the information in the PSR, the defendant appears to qualify for the safety valve exception to the mandatory minimum term of imprisonment associated with this conviction, resulting in a two-level downward adjustment. U.S.S.G. §§ 5C1.2 and 2D1.1(b). Moreover, the United States recommends an additional three-level downward adjustment for acceptance of responsibility. U.S.S.G. § 3E1.1(b). Based on the information in the PSR, then, and assuming the above adjustments are accepted by the court, the defendant's total offense level is 27. The defendant's criminal history score is zero, placing him in criminal history Category I. U.S.S.G. Chapter 5, Part A. Accordingly, the defendant's applicable guideline range of incarceration is 70 to 87 months of imprisonment. U.S.S.G. Chapter 5, Part A. The Sentencing Guidelines also provide for a period of supervised release of at least three years, but not more than five years. U.S.S.G. §5D1.2(a)(1). The fine range under the Sentencing Guidelines is $12,500 to $4,000,000. U.S.S.G. §5E1.2(c)(4).

### III.     SENTENCING RECOMMENDATION

10.     The government recommends that the defendant be sentenced to 70 months incarceration, followed by five years of supervised release. The government's recommendation, which – in accordance with the plea agreement – falls at the low end of the defendant's applicable Sentencing Guidelines range, is reasonable. In United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory application of the Sentencing Guidelines violates the Sixth Amendment. The Court invalidated the statutory provision that made the Guidelines mandatory: Title 18, United States Code, Section 3553(b)(1). Booker, 124 S. Ct. at 764. The Court upheld the remainder of the Sentencing Guidelines as the most appropriate benchmark for informing courts as to the most reasonable sentence for a particular

defendant who has committed a particular crime. Indeed, it remains the case that if the sentencing court imposes a sentence that is outside the range as set forth in the Sentencing Guidelines, the Court must state in a written order of judgment and commitment the specific reason for the imposition of a sentence different from that described therein. See 18 U.S.C. § 3554(c)(2). The sentence will then be subject to review by courts of appeals for "reasonableness." Booker, 124 S. Ct. at 766.

11.     In Booker's wake, this Court must continue to resolve disputed questions of fact and law and correctly calculate a defendant's sentence under the existing Sentencing Guidelines. See Fed. R. Crim. P. 32(i)(3)(B) (court must rule on unresolved objections to the Presentence Report or determine that resolution not necessary to sentencing). "The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." Booker, 124 S. Ct. at 767 (citing 18 U.S.C.A. §§ 3553(a)(4)&(5) (Supp. 2004)). In fact, as the Supreme Court recently recognized, the sentencing court – when it considers the appropriate sentencing factors under 18 U.S.C. Section 3553(a) – and the Sentencing Guidelines "both carry out the same basic § 3553(a) objectives, the one, at retail, the other at wholesale." Rita v. United States, 551 U.S. ---, No. 06-5754, slip op. at 9 (June 21, 2007). As a result, "it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve §3553(a)'s objectives." Id. at 11. Moreover, a Guidelines sentence also accommodates the salutary goal, endorsed by both Congress and the Supreme Court, of meting out fair and uniform sentences. A sentence of 70 months incarceration, within the defendant's Sentencing Guidelines range, satisfies this goal.

12.     A sentence within the Sentencing Guidelines range is also appropriate for this

defendant based on the facts of this case. Indeed, the recommended sentence of 70 months imprisonment is supported by the factors to be considered by sentencing courts as articulated in 18 U.S.C. Section 3553(a). That provision provides, in pertinent part, that when fashioning a sentence, courts should consider (1) the circumstances surrounding the instant offense and the defendant's criminal history, (2) the seriousness of the offense and the need to promote respect for the law and punishment, (3) potential deterrence, (4) protecting the public, and (5) the rehabilitative needs of the defendant. Id.

13. The defendant's conduct in this case warrants a sentence such the recommended one that reflects the seriousness of the offense and the threat the defendant poses to the community. The defendant possessed a very substantial amount of cocaine – over 5 kilograms – with the intent to distribute it, and was caught with over $1,000 in U.S. currency. Had this drug eventually made its way to the streets of Washington, D.C. or elsewhere, it would have caused or contributed to significant human suffering, from the debilitating health effects on its users to the inherent violence that comes from the drug trafficking business.

14. A sentence of 70 months incarceration also furthers the goals of deterrence and protecting the community from these types of crimes. The defendant is clearly a danger to the broader community. Indeed, the business of distribution of drugs is an inherently dangerous activity, subjecting the community to the proliferation of and use of dangerous weapons. See e.g., United States v. Jenkins, 928 F.2d 1175, 1180 (1991) (D.C. Cir. 1991) (permitting government's expert to testify that those who deal drugs typically keep firearms for protection, reasoning that "[w]eapons are, in short, tools of the trade," and admitting ammunition as 404(b) evidence). Early release of the defendant would subject the community to further risk of

narcotics distribution and potential violence and would signal to the community that these crimes do not carry serious penal consequences. The government's recommended sentence accomplishes the goal of protecting the community from the commission of further drug distribution by the defendant himself, as well as serving the goal of deterring other individuals in the community from committing these types of offenses.

15. Finally, none of the factors enumerated in 18 U.S.C. § 3553(a) suggest an appropriate reason or extraordinary circumstance for the Court to depart from the recommended range or to impose a non-guidelines sentence.

WHEREFORE, based upon the above, and the information reflected in the presentence report, the United States respectfully recommends a sentence of a period of 70 months of incarceration, followed by a five year period of supervised release.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _____/s/_____
TIMOTHY J. KELLY
ASSISTANT U.S. ATTORNEY
Bar No. 462459
Federal Major Crimes Section
United States Attorney's Office
555 Fourth Street, N.W., Room 4233
Washington, D.C. 20530
Phone: (202) 353-8822

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the United States' Memorandum in Aid of Sentencing was served upon counsel of record for the defendant, James Rudasill, Esq., 717 D Street, N.W., Suite 310, Washington, D.C. 20004, this 11th day of October, 2007.

/s/
TIMOTHY J. KELLY